IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 1, 2021

**KRISTY BILLINGSLEY v. RHONDA GALLMAN**

**Appeal from the Circuit Court for Knox County**
**No. 148859   Kristi M. Davis, Judge[1]**

_____

**No. E2020-00794-COA-R3-CV**

_____

A woman against whom the trial court granted an order of protection appeals the order of protection. The trial court granted the order based upon its finding that the woman, a former girlfriend of the petitioner's husband, threatened the petitioner and her husband with physical violence through a series of videos. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which ANDY D. BENNETT, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Sherif Guindi, Knoxville, Tennessee, for the appellant, Rhonda Gallman.

Kristy Billingsley, Knoxville, Tennessee, pro se.[2]

**OPINION**

**I.      BACKGROUND**

On May 19, 2020, Kristy Billingsley filed a petition for an order of protection in the Knox County Circuit Court. In the petition, Ms. Billingsley alleged that Appellant Rhonda Gallman stalked her. She further alleged that:

---

[1] Sitting by interchange.

[2] Kristy Billingsley did not file an appellate brief and is not participating in this appeal.

Rhonda Gallman has been harassing me by means of social media (live) and thru mutual associates. She has made several direct threats of doing bodily harm to me. She has sat parked across the street from my job and has had to be escorted by police away from my job. This has gone on for months.

Ms. Billingsley requested that the court order Ms. Gallman to have no contact with her, either directly or indirectly and to stay away from her. She further requested that the court order Ms. Gallman not to cause intentional damage to her property and not to threaten to hurt or hurt her animals. Ms. Billingsley also requested that Ms. Gallman be directed to attend counseling that addresses violence and control issues. The magistrate denied a temporary order of protection and set the matter for hearing.

At the hearing on May 28, 2020, the trial court heard testimony from Ms. Billingsley, Ms. Gallman, and Ms. Billingsley's husband, Curtis Thomas. The parties were not represented by counsel. The trial court found that Ms. Gallman "made threats of physical violence" against Ms. Billingsley. The court granted Ms. Billingsley a one-year order of protection which required that Ms. Gallman have no contact with her and also prohibited Ms. Gallman from possessing firearms.[3] In addition, Ms. Gallman was ordered to stay away from Ms. Billingsley's home and workplace and to not intentionally damage Ms. Billingsley's property or her home's utilities.

Ms. Gallman timely appealed from the order of protection entered against her. No transcript of the May 28 hearing appears in the appellate record. Ms. Gallman moved to late-file a statement of the evidence pursuant to Tennessee Rule of Appellate Procedure 24(c), and this Court granted her motion. Ms. Gallman prepared a statement of the evidence, which the trial court found "d[id] not contain a fair, accurate, and complete account of what transpired at the hearing," as required by Rule 24(c). Therefore, the trial court ordered that the following statement of the evidence be filed with this Court:

1. The evidence at the hearing consisted of the testimony of Curtis Thomas, Kristy Billingsl[e]y, and Rhonda Gallman.
2. In addition, Mr. Thomas and Ms. Billingsl[e]y produced video recordings of [Ms. Gallman] that were directed to Mr. Thomas and Ms. Billingsl[e]y. [Ms. Gallman] did not object to the introduction of the video recordings.
3. The evidence established that Mr. Thomas and Ms. Billingsl[e]y are married.
4. Mr. Thomas had been incarcerated and was released from prison shortly before he and Ms. Billingsl[e]y took out Orders of Protection.

---

[3] *See* Tenn. Code Ann. § 36-3-604(c)(3) (an individual's right to purchase or possess a firearm may be terminated or suspended by the issuance of an order of protection).

5.      Mr. Thomas and Ms. Gallman had previously had a relationship, and Ms. Gallman believed the relationship was ongoing and would continue after Mr. Thomas's release from prison.

6.      Apparently dissatisfied with the demise of her relationship with Mr. Thomas and his relationship with Ms. Billingsl[e]y, Ms. Gallman threatened Mr. Curtis [Thomas] and Ms. Billingsl[e]y with physical violence in a series of strange videos that were directed to Mr. Curtis [Thomas] and Ms. Billingsl[e]y.

7.      The videos were threatening, harassing, and bothersome to Mr. Thomas and Ms. Billingsl[e]y.


## II.    ISSUES

On appeal, Ms. Gallman raises one issue for review: Whether sufficient evidence was introduced at trial to warrant the granting of an order of protection against Ms. Gallman.


## III.    STANDARD OF REVIEW

We review a non-jury case de novo upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). This presumption of correctness applies only to findings of fact and not to conclusions of law. *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011).


## IV.    DISCUSSION

Orders of protection are statutorily governed by Tennessee Code Annotated § 36-3-601, *et seq*. Pursuant to Tennessee Code Annotated section 36-3-602(a), "[a]ny domestic abuse victim . . . who has been subjected to, threatened with, or placed in fear of, domestic abuse, stalking, or sexual assault, may seek" an order of protection. "'Stalking victim' means any person, regardless of the relationship with the perpetrator, who has been subjected to, threatened with, or placed in fear of the offense of stalking, as defined in § 39-17-315." Tenn. Code Ann. § 36-3-601(11). Tennessee Code Annotated section 39-17-

315(a)(4) defines stalking as "a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested, and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested." The court may issue an order of protection if "the petitioner has proven the allegation of domestic abuse, stalking or sexual assault by a preponderance of the evidence." Tenn. Code Ann. § 36-3-605(b). "Proving an allegation by a preponderance of the evidence requires a litigant to convince the trier-of-fact that the allegation is more likely true than not true." *McEwen v. Tenn. Dep't of Safety*, 173 S.W.3d 815, 825 n.19 (Tenn. Ct. App. 2005) (citing *Austin v. City of Memphis*, 684 S.W.2d 624, 634–35 (Tenn. Ct. App. 1984)).

Notably, Ms. Gallman does not argue that her behavior was inconsistent with the definition of stalking. Rather, she contends that one of the trial court's findings ("[t]he videos were threatening, harassing, and bothersome" to Ms. Billingsley) "does not necessarily indicate that" Ms. Gallman's conduct actually caused Ms. Billingsley to feel terrorized, frightened, intimidated, threatened, harassed, or molested. *See* Tenn. Code Ann. § 39-17-315(a)(4). Reading the statement of the evidence as a whole, it is apparent that the trial court heard the testimony of the witnesses and implicitly found Ms. Billingsley's testimony credible. Appellate courts "are required to defer to the trial court's credibility findings, including those that are implicit in its holdings." *Williams v. City of Burns*, 465 S.W.3d 96, 120 (Tenn. 2015).

Based on our review of the trial court's statement of the evidence, and giving proper deference to the trial court's assessment of the witnesses' credibility, we determine that the evidence does not preponderate against the trial court's finding of "threatening, harassing, and bothersome" behavior by Ms. Gallman sufficient to justify the entry of a one-year order of protection in Ms. Billingsley's favor. Ms. Gallman acknowledges that the trial court's determination of the inaccuracy of her statement of the evidence is conclusive for purposes of this appeal. *See* Tenn. R. App. P. 24(e); *Reed v. Akende-Reed*, No. M2017-00628-COA-R3-CV, 2018 WL 565844 at *2 (Tenn. Ct. App. Jan. 25, 2018). Accordingly, we conclude that Ms. Gallman's argument regarding the sufficiency of the evidence is unavailing.

## V. CONCLUSION

We affirm the judgment of the circuit court. The case is remanded for such further proceedings as may be necessary and consistent with this opinion. Costs of the appeal are taxed to the appellant, Rhonda Gallman, for which execution may issue if necessary.

_____
JOHN W. McCLARTY, JUDGE